# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| TATFOOK TEHCNOLOGY (HONG KONG) CO. LTD., § § § § Civil Action No. 4:21-CV-00411 § Judge Mazzant v. § § SCHOK, LLC. § | |

TATFOOK TEHCNOLOGY (HONG KONG) CO. LTD., §§§§§§§ Civil Action No. 4:21-CV-00411
Judge Mazzant

v.

SCHOK, LLC.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Schok, LLC's 12(b)(1) Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Dkt. #3). Having considered the motion and relevant pleadings, the Court finds it should be **GRANTED**.

### BACKGROUND

This case arises from a failed investment agreement between the parties (Dkt. #1 ¶6). Plaintiff brought suit on May 29, 2021. Plaintiff asserted the Court had diversity jurisdiction pursuant to 28 U.S.C. 1332 (Dkt. #1 ¶3). The amount in controversy exceeds $75,000 and Plaintiff is a Chinese company organized under the laws of the People's Republic of China (Dkt. #3 ¶1, 3). However, in its Complaint, Plaintiff merely pleaded that Defendant is a "Delaware limited liability company, validly organized and existing under Delaware law" with its principal place of business located in Frisco, Texas (Dkt. #3 ¶2).

On September 3, 2021, Defendant moved to dismiss for lack of subject matter jurisdiction (Dkt. #3). Plaintiff responded on September 17, 2021 (Dkt. #5). On September 29, 2021, the Court ordered the Plaintiff to file a declaration or affidavit identifying the citizenship of each of Defendant's members, and permitted Defendant to submit its own evidence establishing the

citizenship of its members (Dkt. #6). On October 4, 2021, Defendant submitted a signed Declaration of Defendant's chief executive officer, Samuel Gutierrez-Carranza (Dkt. #7).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction when the district court lacks statutory and constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court will consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In deciding the motion, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The Court will accept as true all well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to the plaintiff. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). Once a defendant files a motion to dismiss under Rule 12(b)(1) and challenges jurisdiction, the party invoking jurisdiction has the burden to establish subject matter jurisdiction. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). The Court will grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain that the claimant cannot prove a plausible set of facts to support a claim that would entitle it to relief. *Lane*, 529 F.3d at 557.

## ANALYSIS

Defendant alleges Plaintiff failed to properly plead complete diversity under 28 U.S.C. § 1332(a) (Dkt. #3).  Defendant also contends that complete diversity does not exist here because there are aliens on both sides of the litigation (Dkt. #3 ¶9).  Plaintiff counters that it has sufficiently asserted complete diversity, but nevertheless any failure to plead necessary facts regarding Defendant's membership is curable by amendment (Dkt. #5 ¶¶11–12).

Subject matter jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship between the parties.  *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014).  For purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all the members and partners.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Temple Drilling Co. v. La. Ins. Guar. Ass'n*, 946 F.2d 390, 393 (5th Cir. 1991).  The party invoking jurisdiction under Section 1332 is responsible for showing that the parties are completely diverse.  *See Menchaca,* 613 F.2d at 511.

Plaintiff is a Chinese company organized under the laws of the People's Republic of China (Dkt. #3 ¶1).  Defendant is a Delaware limited liability company (Dkt. #3 ¶2).  Defendant is made up of eight members (Dkt. #7 Exhibit 1 ¶3).  Seven of the eight members are natural persons (Dkt. #7 Exhibit 1 at p. 2).  All individuals are either citizens of Mexico or the United States and reside in either Mexico or Texas (Dkt. #7 Exhibit 1 at p. 2).  There is one corporate member, and it is incorporated under the laws of Mexico and has its principal place of business in Mexico (Dkt. #7 Exhibit 1 at p. 2).  Because the citizenship of a limited liability company takes on the citizenship of all of its members, Defendant is a Texas and Mexican citizen.  *Harvey*, 542 F.3d at 1080; *Temple Drilling*, 946 F.2d at 393.

However, where there are aliens on both sides of the litigation, complete diversity does not exist under Section 1332(a)(2). *Vantage*, 741 F.2d at 538. There are aliens on both sides of this litigation: Plaintiff is a Chinese corporation with its principal place of business in China, and Defendant is comprised of Mexican members. While some of the Defendant's members are citizens of Texas, complete diversity is still lacking. *Chick Kam Choo v. Exxon Corp.*, 764 F.2d 1148, 1151 (5th Cir. 1985) (citing Fed. R. Civ. P. 1332(a)(3)). Under Section 1332(a)(3), a district court may have original jurisdiction in suits between citizens of different states with aliens as additional parties. *Id*. Here, there are no United States citizens on Plaintiff's side of the litigation (*See generally* Dkt. #1). Therefore, complete diversity of citizenship does not exist, and the Court lacks subject matter jurisdiction under 28 U.S.C. §1332(a). Thus, the Court grants Defendant's motion to dismiss for lack of subject matter jurisdiction.

## CONCLUSION

It is therefore **ORDERED** that Defendant Schok, LLC's 12(b)(1) Motion to Dismiss for Lack of Subject Matter jurisdiction is hereby **GRANTED**. The case is hereby **DISMISSED WITHOUT PREJUDICE**. The Clerk of the Court is hereby directed to close the case.

**IT IS SO ORDERED.**

SIGNED this 22nd day of October, 2021.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE